# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KENNETH POWELL, | CASE NO. 05cv1785-LAB (JMA) |
|---|---|
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| vs. | |
| JO ANNE . BARNHART, Commissioner of Social Security Administration, | |
| Defendant. | |

On September 15, 2006, Plaintiff filed a complaint seeking review of a decision of the Defendant Commissioner of Social Security ("Commissioner" or "Commissioner of SSA"). The complaint characterizes the relief sought as reversal of a decision as a decision to deny him a "Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. ¶¶ 416(I) and 423," (Compl. at 1). As discussed below, Magistrate Judge Jan Adler construed this as a request for an order requiring Defendant to reopen Plaintiff's claim below. Although Plaintiff was not represented by counsel in earlier proceedings, he has been represented by counsel in all proceedings before this Court.

On November 14, 2005, Defendant filed her answer. On May 17, 2006, Plaintiff filed a motion for reversal and/or remand. Defendant filed her opposition, as well as her own cross motion for summary judgment on June 19, 2006. As discussed below, Magistrate Judge Adler construed Defendant's motion as a motion for summary judgment or, in the alternative, a motion to dismiss. The

motions were referred to Magistrate Judge Adler for report and recommendation, pursuant to 28 U.S.C. §636.

On August 30, 2006, Judge Adler issued his report and recommendation ("R&R") recommending that Defendant's motion for summary judgment be granted and all other motions denied. Plaintiff filed a specific objection to a portion of this R&R. Defendant filed no objections of her own, and did not reply to Plaintiff's objection.

The R&R identified the decision Plaintiff was challenging as Defendant's determination that a prior decision on Plaintiff's claim should not be reopened, and therefore construed the relief he was seeking as an order requiring Defendant to reopen the prior decision. (R&R at 1–4.) Neither party objected to this. The R&R also construed Plaintiff's motion for reversal and/or remand as a motion for summary judgment, and Defendant's motion for summary judgment as a motion for summary judgment and/or motion to dismiss.[1] Neither party objected to the R&R's characterizations of the facts, the complaint, the procedural history, the relief sought, or the motions. The Court has reviewed the R&R, and, on the basis of legal standards applicable to reports and recommendations, discussed below, adopts these portions of the R&R and all other portions of the R&R not objected to.

## I. BACKGROUND

On March 9, 2000, Plaintiff filed an application for disability benefits under Title II of the Social Security Act, in which he alleged a disability onset date of May 18, 1998. (Transcript ("Tr.") 82–84.) Plaintiff's claim was initially denied,[2] (*Id.* 16, 19), but after an administrative hearing before the Administrative Law Judge ("ALJ"), a decision partially favorable to Plaintiff was entered August 2, 2001. (*Id.* 46–61.) The ALJ found that Plaintiff had the "severe impairments of degenerative joint disease of the left knee, a medial meniscus tear of the left knee, status post left knee partial medial meniscectomy, and an adjustment disorder with anxiety and depression," and that he was under a disability between May 18, 1998 and June 27, 2000. (*Id.* 58, 61.)

---

[1] While the motion identifies itself as a motion for summary judgment, the memorandum of points and authorities submitted in support of the motion identifies it in the alternative as a motion to dismiss.

[2] The record indicates Plaintiff's claim was initially denied on May 31, 2000, but he did not receive notice until November 24, 2000. (Tr. 16.)

On September 5, 2001, the Social Security Administration ("SSA") sent Plaintiff a notice of award informing him that he qualified for a period of disability from March, 1999 to August, 2000. (Tr. 96–98.) These dates are adjusted from his alleged disability dates because a claimant may not receive benefits more than twelve months prior to the date he applies for benefits, but he may receive benefits for two months after his disability ends. The notice of award also informed Plaintiff that his benefits would be reduced because he was also receiving worker's compensation benefits. (*Id.* 101–03.)

On October 16, 2001, Plaintiff filed a request for reconsideration. In the box captioned "I do not agree with the determination made on the above claim and request reconsideration. My reasons are:" Plaintiff hand-wrote "Amount[s] deducted for worker's comp payments were already paid by me, in compromise & release settlement (May 23, 2001[)]." (Tr. 62.) On or around December 28, 2001, the SSA informed Plaintiff that it had determined he was correct in part with respect to the worker's compensation offset issue, and had recalculated his social security benefits accordingly. (*Id.* 64–65.) On January 30, 2002, Plaintiff sent a letter to the SSA stating, "At this time I would like to file for an appeal, of my case in its entirety, or as a reconsideration." (*Id.* 81.) On March 27, 2003, the SSA responded by saying it would address the request for reconsideration of Plaintiff's case in its entirety once his claims folder had been completely reviewed. (*Id.* 67.)

On July 20, 2004, the Appeals Council issued an order dismissing Plaintiff's request for review of the ALJ's August 2, 2001 decision on the basis that Plaintiff's January 30, 2002 request was not filed within sixty days of the date of receipt of the notice of the August 2, 2001 decision. (Tr. 9–10.) This order implicitly gives its position that the August 2, 2001 decision was the Commissioner of SSA's final decision. The Appeals Council also reiterated that Plaintiff's other request for reconsideration, filed October 16, 2001, had been construed as a request for reconsideration of the worker's compensation offset issue only. (*Id.* 9.) The Appeals Council directed that an ALJ hearing be scheduled on this issue, because the next step in the appeal process on this issue would be a request for hearing on the issue of offset of benefits. (*Id.*) The ALJ determined that the decision could not be reopened on the basis of Plaintiff's letter of January 30, 2002 because the letter did not constitute a timely request for reopening, and because Plaintiff had not demonstrated "good cause" for reopening

1  the decision. (Tr.16–17, citing 20 C.F.R. §§ 404.988, 404.989.) The ALJ determined that Plaintiff's
2  October 16, 2001 request for reconsideration could not be construed as a request for reopening because
3  it did not request a reopening of the August 2, 2001 hearing decision, and only objected to the amount
4  of the worker's compensation offset. (Tr. 17, citing 20 C.F.R. § 404.987(b).) Although Defendant
5  agrees Plaintiff could file a new application for disability based on changes in his condition (Def.'s
6  Memo of P. & A. in Support of Mot. for Summ. J.("Def.'s Memo") 14), Plaintiff apparently seeks to
7  have his earlier claim reopened so that he can be eligible for a longer period of disability. *See* 20
8  C.F.R. § 404.315(a)(3) (providing that a claimant who has not received full retirement age may receive
9  benefits for a twelve month period before application for disability benefits).
10     The appeals Council declined further review. (Tr. 2–4.) Plaintiff then brought this action
11  pursuant to 42 U.S.C. § 405(g).
12  **II.   JURISDICTION**
13     Although Defendant challenged the Court's jurisdiction to hear this appeal, the R&R addressed
14  this point. (R&R 5–8.) Even though neither party objected to the R&R's jurisdictional analysis, this
15  Court is under an independent duty to examine its own jurisdiction. *Harris v. Provident Life &*
16  *Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994).
17     After the Court's adoption of much of the R&R, the one remaining issue is whether the ALJ
18  erred by failing or refusing to take into consideration additional evidence Plaintiff says was before the
19  ALJ. Plaintiff contends this evidence relates to a showing of good cause for reopening his claim.
20  Although ordinarily a decision not to reopen a claim is not a final decision and therefore not
21  reviewable under 42 U.S.C § 405(g), an exception is recognized where a claimant makes a colorable
22  claim that denial of a petition to reopen violated the claimant's Constitutional rights. *Evans v. Chater*,
23  110 F.3d 1480, 1482 (9th Cir. 1997) (citing *Califano v. Sanders,* 430 U.S. 99, 107–09 (1977)).
24     Plaintiff alleges and provides some evidence that although he was unrepresented by counsel
25  and suffering under a mental disability, the ALJ failed to develop the record fully and to consider the
26  new evidence Plaintiff presented. The Court holds that Plaintiff has made a colorable claim that his
27  Constitutional due process rights were violated and that therefore the *Sanders* exception applies here.
28  *See Evans*, 110 F.3d at 1482 (holding that claimant who alleged that he was mentally impaired and not

represented by counsel during claims process asserted a colorable Constitutional claim sufficient to invoke the *Sanders* exception). The Court therefore holds that it has jurisdiction to decide this matter.

### III. LEGAL STANDARDS

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); see 28 U.S.C. §636(b)(1). "The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. §636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The Ninth Circuit has interpreted the language of 28 U.S.C. Section 636(b)(1), and determined that the "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). Thus, the Court reviews those portions of the R&R to which specific objections have been made. As noted, the Court has reviewed the R&R and has adopted all portions not objected to.

The Court may set aside the Commissioner's decision only if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (citation omitted). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Id.* (citation omitted). Findings as to any fact, if supported by substantial evidence, are conclusive. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (citing 42 U.S.C. § 405(g)). Even though the findings are supported by substantial evidence, the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Benitez*, 573 F.2d at 655.

### IV. OBJECTION TO R&R

Plaintiff makes one objection: that he did show good cause for reopening his claim, in the form of testimony presented to the ALJ at the May 2, 2005 hearing, which, he contends, put the ALJ on

notice that more evidence existed, triggering the ALJ's duty to develop the record by seeking out and considering that evidence. Plaintiff contends that Defendant failed to acknowledge even the existence of the evidence or consider it at all. (Pl.'s Obj. at 2, 5.) The Court reviews this issue *de novo*.

Plaintiff cites a transcript of a May 2, 2005 hearing before the ALJ. (Tr. 362–373.) Plaintiff also cites 20 C.F.R. 404.989, which provides in pertinent part:

(a) We will find that there is good cause to reopen a determination or decision if —

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

At the May 2 hearing, reference was made to evidence already in the record. Plaintiff contends this satisfies 404.989(a)(1) and as a result, the ALJ should have found good cause. Plaintiff argues that this evidence should have been considered, but the ALJ's failure to acknowledge it shows that it was not. (Pl.'s Obj. at 2.)

On the basis of Plaintiff's objection, the Court infers that the relief Plaintiff seeks by having his claim reopened is that he wants to show he was disabled even after the June 27, 2000, when his disability period ended. *See* Tr. 364 (transcript of May 2, 2005 hearing, at which the ALJ elicited Plaintiff's reasons for wanting his claim reopened.) The Court understands Plaintiff to be asserting that the evidence Plaintiff obliquely referred to in his testimony would show that Plaintiff was disabled even after June 27, 2000, and that this evidence was not available to or considered by the ALJ in rendering the decision on August 2, 2001. (Pl.'s Obj. at 3.) Plaintiff contends that this testimony shows that new evidence existed. (*Id.* at 2.) Defendant contends that, had any material evidence existed that would justify reopening the claim, Plaintiff could have — and would have — presented it. (Def.'s Memo 13–14.) Plaintiff acknowledges this argument, and asserts simply that his testimonial evidence, standing alone, would constitute "new and material evidence." (Pl.'s Obj. at 3.) A review of the cited portions of the transcript shows that Plaintiff's testimony was that he was being treated by a physician for "Degenerative Joint Disease, Osteoarthritis," and problems involving his

meniscus (Tr. at 369–70.) Plaintiff points out that the ALJ mentioned at the hearing that, if the claim were reopened, those medical records would be needed. (Pl.'s Obj. at 2 (citing Tr. 371).) Plaintiff argues this shows that the ALJ knew medical records existed and that these records constituted new and material evidence. (Pl.'s Obj. at 2.)

Plaintiff objects that the ALJ failed to review this evidence. (Pl.'s Obj. at 3.) Implicitly, Plaintiff's objection is that the ALJ should have contacted Plaintiff's physician and obtained this evidence.

Plaintiff's arguments fail for several reasons. First, while the ALJ generally "has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered," *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and internal quotation marks omitted), this duty does not extend as far as Plaintiff would suggest. *Mayes v. Massanari*, 276 F.3d 453, 459 –60 (C.A.9 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.") While the ALJ's duty may discharged by obtaining information from the claimant's physicians, *Tonapetyan*, 242 F.3d 1150, Plaintiff has not cited any authority showing that the ALJ must locate all outstanding records for a claimant, on the chance that they might contain relevant information. The general rule in social security cases is that the claimant bears the burden of proving he or she is disabled. *Mayes*, 276 F.3d at 459 (citing 42 U.S.C. § 423(d)(5) (Supp.2001), 20 C.F.R. § 404.1512(a), (c)). This includes the claimant's responsibility to bring to the ALJ's attention any information showing that he or she is disabled. 20 C.F.R. § 404.1512(a).

The Court has reviewed the transcript of this hearing. While the discussion of Plaintiff's ongoing treatment would have told the ALJ that Plaintiff was continuing to be treated by a physician, there is no indication at all that Plaintiff's physician's records might contain new and material information not considered before. Based on the documentary evidence submitted in connection with the hearing and the discussion at the hearing, it appears that Plaintiff was primarily seeking to have his claim reopened because he believed he had filed his appeal on time, and not on the basis of new evidence he had obtained. (Tr. 369.) The fact that Plaintiff was suffering from degenerative joint

disease and problems involving the meniscus of his left knee was known and considered by the ALJ in reaching his decision on August 2, 2001. (*Id.* 58.) The ALJ did note that Plaintiff's medical problems had been continuing, and that this fact formed the basis for his appeal. (*Id.* 369.) Plaintiff's testimony at the hearing, however, suggests that his condition was largely the same as before, and no worse or different than information already known to the ALJ would suggest. (*Id.* 369–70.)

Furthermore, Plaintiff's testimony makes clear that the primary care physician was not treating his knee, which he considered his worst medical problem, but suggests rather that she was merely continuing to prescribe pain medications in connection with osteoarthritis. (Tr. 370 ("[S]he still prescribes the medications. I take Celebrex and a few other things that she prescribes but she's not seeing me for the knee . . . ."; "Q: What's . . . your worst problem? A: My worst problem is the weight bearing on my knee.") In other words, regardless of the time period the medical records might cover, it appears that Plaintiff gave the ALJ no indication that any records from his current primary care physician would provide new information. Rather, it appears that Plaintiff was merely updating the ALJ on his continuing condition. The transcript also shows that Plaintiff knew he could provide the ALJ with documentary evidence, and that he did submit two documents, but that neither related to his medical records. (*Id.* 372.) Plaintiff does not attempt to show he was unable to obtain his own medical records from his physician.

Another serious problem with Plaintiff's argument is that he never indicates what the new evidence would show, or why it would be material. Both Defendant and the R&R pointed out this problem, but Plaintiff has never addressed it. *See* Def.'s Memo 13–14 (pointing out Plaintiff's failure to identify what in Plaintiff's records would justify reopening); R&R 12–13 (pointing out that Plaintiff "merely speculates about 'new and possibly material evidence which *could* form the basis for good cause'") (quoting Pl.'s Memo of P. & A. in Support of Mot. for Summ. J. 16) (emphasis added). "To be material under [42 U.S.C. §] 405(g), the new evidence must bear directly and substantially on the matter in dispute." *Mayes*, 276 at 462 (citing *Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir.1982)) (internal quotation marks omitted). Testimony at the hearing on May 2, 2001 suggests that any new evidence would merely show that Plaintiff continued to be treated for much the same conditions.

/ / /

1 (Tr. 370.) The fact that he suffered from these conditions was already considered and was not found
2 to be an adequate basis on which to conclude that he was disabled after June 28, 2000.

3       Plaintiff argues that the ALJ implicitly acknowledged that records from Plaintiff's primary care
4 physician would be material. (Pl.'s Obj. at 2 (citing transcript of May 2, 2001 hearing)). The ALJ did
5 inform Plaintiff that, if he obtained a rehearing, all his medical records — including those dating after
6 the original decision — would be needed as evidence. (Tr. 371.) This is not, as Plaintiff claims, an
7 admission that such records — which the ALJ had not seen — would be material. Rather, it appears
8 the ALJ was informing Plaintiff of the scope of the rehearing, and informing him that the ALJ would
9 not consider merely the evidence as it existed at the time of the original decision, but would consider
10 the full record to date. The fact that the ALJ would consider the full record on rehearing cannot, by
11 itself, be taken as an indication that the new evidence is material. *See Little v. Richardson*, 471 F.2d
12 715, 716 (9th Cir. 1973) (holding that even if new evidence considered at rehearing showed
13 deterioration after hearing date, it did not materially bear on claimant's disabled status as of the
14 hearing date).

15       The R&R recommended a finding that Plaintiff did not have a mental impairment that hindered
16 him from properly appealing his claims before the ALJ. (R&R 15–18.) Plaintiff did not object to this
17 finding, which the Court has therefore adopted. The Court has reviewed the record and finds that
18 Plaintiff was not, as he now claims, mentally impaired to an extent that his due process rights required
19 protection to a greater extent than other unrepresented claimants.

20       The Court therefore holds the ALJ did not fail to protect Plaintiff's due process rights by
21 neglecting to develop the record, or by deciding not to reopen Plaintiff's claim.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## VI. CONCLUSION AND ORDER

For these reasons, the R&R is **ADOPTED**. Plaintiff's motion for summary judgment, styled as a motion for reversal and /or remand, is **DENIED**. Defendant's motion to dismiss is **DENIED**. Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: 9-26-06

HONORABLE LARRY ALAN BURNS
United States District Judge

cc: Magistrate Judge Jan M. Adler
All Counsel of Record